# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| EDWIN B. CARTON, *et al.*,<br><br>   Plaintiffs,<br><br>vs.<br><br>B & B EQUITIES GROUP, LLC, *et al.*,<br><br>   Defendants. | Case No. 2:11-cv-00746 -RCJ-PAL<br><br>**ORDER**<br><br>(Mtn to Enlarge - Dkt. #57) |

Before the court is Plaintiff's Motion to Enlarge Time Service of Process and Motion to Permit Service by Alternative Means (Dkt. #57). The Plaintiffs seek an order extending the deadline for serving the Colbert Defendants by sixty (60) days, or until November 7, 2011.

Although the time for serving these Defendants has not yet run, Plaintiffs have engaged the services of a commercial process server who has attempted to serve the Defendants at their last known address at 5648 Divot Place on ten different occasions at various times of the days of the week without success. Plaintiffs have confirmed that the address is the last known address of the Colbert Defendants, and a check with the Nevada Department of Motor Vehicles indicates that T. Colbert registered a vehicle listing the same address as recently as February 10, 2011. Plaintiffs also attempted to contact Mr. Colbert through his daughter, Co-Defendant Maureen Torkelson, through her attorney without success.

Plaintiffs also seek an order permitting service of process by alternative means. Plaintiffs request that the court allow service by certified mail, return receipt requested, and if this is unsuccessful, that service by publication be authorized. The motion is supported by the declaration of counsel, Wesley J. Smith, and the Affidavit of the process server, Davina Sampson.

/ / /

Having reviewed and considered the matter, the court finds the Plaintiffs have established good cause for a sixty (60) enlargement of time in which to serve summons and complaint on the Colbert Defendants, however, the court will deny the Plaintiffs' request to attempt service by certified mail, return receipt requested as the Federal Rules of Civil Procedure do not authorize service of summons and complaint by this method. Plaintiffs reliance on the Ninth Circuits' decision in *Salta v. INS*, 314 Fed. 3d 1076, 1078-79 (9th Cir. 2002) is misplaced. In that case an alien sought review of a decision of the Board of Immigration Appeals denying her motion to reopen or reconsider an order of removal entered *in absentia*. Immigration cases are governed by specific statutory provisions which place the burden on the immigrant to establish that she did not receive notice of a removal proceeding.

The Federal Rules of Civil Procedure do not authorize summons of service and complaint by certified mail, return receipt requested. The rules do permit service by publication. Accordingly, the court will deny the request to serve the Defendants by certified mail, but grant the request to serve by publication. Plaintiffs may send the Colbert Defendants a request to waive service pursuant to the provisions in Fed. R. Civ. P. 4(d). An individual that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expense of serving summons. If the Colbert Defendants are located within the United States and fail, without good cause, to sign and return a waiver requested by the Plaintiffs, the provisions of Rule 4(d)(2) specify the court must impose on the Defendants the expenses later incurred in making service and the reasonable expenses, including attorneys fees, of any motion required to collect those service expenses.

**IT IS ORDERED:**

1. Plaintiffs' Motion to Enlarge Time for Service of Process on Defendants Thomas E. Colbert and Thomas E. Colbert Irrevocable Life Insurance Trust is **GRANTED**, and Plaintiff shall have until **November 7, 2011** to serve these Defendants.

/ / /
/ / /
/ / /
/ / /
/ / /

2. Plaintiffs' Motion to Permit Service by Alternative Means is granted in part and denied in part. The Motion is **GRANTED** to the extent that Plaintiffs have leave to serve by publication in accordance with the requirements of Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1)(I). The motion to serve by certified mail, return receipt requested is **DENIED**.

Dated this 2nd day of August, 2011.

_____
Peggy A. Leen
United States Magistrate Judge

3