1

2

3

4

5          **UNITED STATES DISTRICT COURT**

6          **DISTRICT OF NEVADA**

7    EDWIN B. CARTON, et al.,               )
                                            )        Case No. 2:11-cv-00746-RCJ-PAL
8                          Plaintiffs,      )
                                            )        **ORDER**
9    vs.                                    )
                                            )        (Mtn for Sanctions - Dkt. #149)
10   B&B EQUITIES GROUP, LLC, et al.,       )        (Mtn to Extend - Dkt. #155)
                                            )
11                         Defendants.      )
     _____)

12

13         The court held a hearing on August 17, 2012, on Plaintiffs' Motion for Sanctions and for an

14   Order Compelling Disclosure and Discovery (Dkt. #149) and Defendants Robert L. Koppel's and Steve

15   W. Koppel's (together, "the Koppel Defendants") Motion for Additional Time to Respond to Discovery

16   and that Request for Admissions Not Be Deemed Admitted (Dkt. #155).  Wesley Smith appeared on

17   behalf of Plaintiffs.  The Koppel Defendants, who reside out-of-state and are not represented by

18   counsel, did not appear.  The court has considered the Motions, the Koppel Defendants' Opposition

19   (Dkt. #154), and Plaintiffs' Reply (Dkt. #156), and the arguments of counsel made at the hearing.

20         Plaintiff's Motion seeks sanctions against the Koppel Defendants for their failure to comply

21   with discovery obligations, comply with court orders, and participate in this case.  On December 7,

22   2011, District Judge Jones entered an Order (Dkt. #129) directing the Koppel Defendants, among

23   others, to file an amended answer signed by the parties or the parties' counsel within ten days, but none

24   of the Defendants have complied.

25         Additionally, Plaintiffs assert the Koppel Defendants have failed to participate in discovery.  For

26   example, on August 8, 2011, Plaintiffs mailed a Notice of Case Conference to the Koppel Defendants,

27   setting a Rule 26(f) conference for September 8, 2011.  Plaintiffs emailed call-in information for the

28   conference so out-of-state participants could participate telephonically.  The Koppel Defendants failed

1   to participate and took no part in drafting the proposed discovery plan and scheduling order.

2   Furthermore, they have not provided Plaintiffs with initial disclosures required under Rule 26(a)(1) of

3   the Federal Rules of Civil Procedure. In response to written discovery requests, the Koppel Defendants

4   gave boilerplate responses, stating they had no personal contact with Plaintiffs, have only acted as

5   passive stockholders and officers of the corporate entities named in the Complaint (Dkt. #1), and

6   requesting Plaintiffs dismiss them from this lawsuit.  Finally, on March 5, 2012, Robert Koppel

7   informed Plaintiffs' counsel that he would not appear for his noticed deposition in Las Vegas, Nevada,

8   due to a medical condition.  Robert Koppel did not appear for the March 26, 2012, deposition.

9       In their Opposition, filed after Plaintiffs' Reply, the Koppel Defendants state that on April 21,

10  2012, Robert Koppel sent Plaintiffs' counsel an email, stating the Koppel Defendants' intent to comply

11  with Plaintiffs' written discovery requests and requesting thirty days to do so.  Plaintiffs' counsel

12  agreed.  Additionally, Robert Koppel attached his signed Answer to Plaintiffs' Amended Complaint to

13  the Opposition.  Steven Koppel did not attach a signed Answer to the Opposition.

14      At the August 17, 2012, hearing, Plaintiffs' counsel represented that the Koppel Defendants

15  agreed to appear at their depositions, currently noticed for August 30, 2012, to be taken in Northern

16  California, where the Koppel Defendants reside.  Because there is currently a Motion for Leave to File

17  Second Amended Complaint (Dkt. #163) pending before the district judge, however, those deposition

18  may be rescheduled so that they need not be taken twice if the Motion to Amend is granted.

19  Additionally, the Koppel Defendants have now responded to Plaintiffs' written discovery requests, and

20  Plaintiffs' counsel did not claim that those responses were inadequate.

21      The court appreciates that it is difficult for parties appearing pro se (representing themselves) to

22  defend a federal lawsuit.  However, all parties are required to participate and cooperate in the discovery

23  process.  Although the Koppel Defendants have not fully complied with their obligations, they are now

24  attempting to cooperate and participate in this litigation.  They have responded to Plaintiffs' written

25  discovery requests, and Robert Koppel has now filed a signed answer.  The court finds that sanctions

26  are not warranted at this time.  However, the Koppel Defendants are warned that they must comply with

27  their discovery obligations.  Sanctions, up to and including case-dispositive sanctions may be imposed

28  if the Koppel Defendants refuse to comply with these obligations.

1    Accordingly,

2    **IT IS ORDERED:**

3    1.    Plaintiffs' Motion for Sanctions (Dkt. #149) is DENIED WITHOUT PREJUDICE as to

4          the Koppel Defendants.

5    2.    The Koppel Defendants' Motion to Extend Time (Dkt. #155) is GRANTED.

6    3.    The Clerk of Court shall separately file pp.5-21 of the Koppel Defendants' Motion to

7          Extend Time as Defendant Robert Koppel's Answer to Plaintiffs' Amended Complaint.

8    4.    Defendant Steven Koppel shall file a signed Answer to Plaintiffs' Amended Complaint

9          on or before **September 4, 2012.**

10   Dated this 21st day of August, 2012.

13   _____
     PEGGY A. LEEN
14   UNITED STATES MAGISTRATE JUDGE