# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EDWIN B. CARTON, et al., )
)  Case No. 2:11-cv-00746-RCJ-PAL
Plaintiffs, )
)  **ORDER AND REPORT OF FINDINGS**
vs. )  **AND RECOMMENDATION**
)
B&B EQUITIES GROUP, LLC, et al., )  (Mtn for Sanctions - Dkt. #149)
)
Defendants. )
_____)

The court held a hearing on August 17, 2012, on Plaintiffs' Motion for Sanctions and for an Order Compelling Disclosure and Discovery (Dkt. #149) and Wesley Smith appeared on behalf of Plaintiffs. None of the Defendants appeared, either pro se or through counsel. The court has considered the Motion, Plaintiffs' Reply (Dkt. #156), and the arguments of counsel made at the hearing.

Plaintiff's Motion seeks sanctions against Defendants Robert L. Eberle ("Eberle"); and B&B Equities Group, LLC; Global Equity Resources, LLC; Pro Financial Group, Inc.; Pro Fi Group, Inc.; Estate Planning Solutions Network, LLC (the "Corporate Defendants") for their failure to comply with discovery obligations, comply with court orders, and participate in this case. Specifically, Plaintiffs request the court strike the Corporate Defendants' Answers (Dkt. #44, 51, 52, 53, 59, 60) and enter default against them.

The court makes the following findings of fact:

1. In July 2011, each of the Corporate Defendants filed an Answer and Counterclaim, none of which were signed or contained any counterclaims. *See generally* Dkt. ##44, 51, 52, 53, 59, 60.

2. On August 1, 2011, Plaintiffs filed a Motion to Dismiss or for More Definite Statement and Motion for Default (Dkt. #62) related to these responsive pleadings.

3. On December 7, 2011, Chief Judge Jones entered an Order (Dkt. #129) granting Plaintiffs' Motion (Dkt. #62) in part and directing Eberle and the Corporate Defendants, among others, to file an amended answer signed by the parties or the parties' counsel within ten days. The Order warned the Corporate Defendants that if they failed to comply, it would strike their pleadings for noncompliance with Rule 11(a) of the Federal Rules of Civil Procedure. *Id.* at 16:28-17:1.

4. Chief Judge Jones' Order also directed the Corporate Defendants to file a notice with the court that they obtained legal counsel. *Id.* at 20:2-4.

5. The Corporate Defendants have not complied with the Order to retain counsel and file a signed answer. *See* Plaintiffs' Notice of Noncompliance (Dkt. #131); *see generally* Docket Sheet.

6. On August 8, 2011, Plaintiffs mailed a Notice of Case Conference to the Corporate Defendants, setting a Rule 26(f) conference for September 8, 2011. *See* Exhibit 1 to Motion for Sanctions.

7. Plaintiffs emailed call-in information for the conference so out-of-state participants could participate telephonically. *See* Exhibit 2 to Motion for Sanctions.

8. The Corporate Defendants failed to participate and took no part in drafting the proposed discovery plan and scheduling order. Additionally, they have not provided Plaintiffs with initial disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure. *See* Motion for Sanctions at 4:11-15.

9. On January 16, 2012, Plaintiffs sent their first set of written discovery to Defendant Eberle, and on February 16, 2012, they were returned as undeliverable by the United States Postal Service. Plaintiffs re-mailed the written discovery on February 16, 2012, to an alternate address for Eberle, but no responses were received, and no mail has been returned undeliverable from this address. *See* Exhibit 11 to Motion for Sanctions.

10. On February 28, 2012, Plaintiffs noticed Eberle's deposition for March 27, 2012, but Mr. Eberle did not appear or file a motion for protective order seeking to prevent or delay his deposition. *See* Motion for Sanctions at 5:23-26.

11. None of the Corporate Defendants filed a response to the Motion for Sanctions, and the time for filing one has now run. *See generally* Docket Sheet.

The Ninth Circuit has enunciated a five-factor test to determine when imposing the "harsh penalty" of case-dispositive sanctions is warranted. *See Henry v. Gill Indus.,* 983 F.2d 943, 948 (9th Cir. 1993) (citing *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991)). The district court must evaluate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The key factors are prejudice and the availability of less drastic sanctions. *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir. 1990); *See also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990), *cert. denied,* 498 U.S. 1109 (1991) (district court properly considered all of defendant's misconduct during discovery in ordering default judgment);

Where a court order is violated, the first two factors support sanctions, and the fourth factor cuts against entering default judgment. *Ariana,* 913 F.2d at 1412. Here, Eberle and the Corporate Defendants violated Chief Judge Jones' Order (Dkt. #129) directing them to file a signed responsive pleading and have not complied even now, nearly nine months later. Additionally, the Corporate Defendants have disregarded the same Order directing them to retain licensed legal counsel because a corporation cannot appear in federal court except through counsel. Thus, the first two factors support entering default against Eberle and the Corporate Defendants.

With respect to the third factor, the Plaintiff has been prejudiced by Eberle's failure to appear at his deposition and by his and the Corporate Defendants' complete failure to participate in discovery. *Id.* (citing *Securities and Exchange Comm'n v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir. 1982) (failure to produce documents is sufficient grounds to find prejudice)); *see also Henry,* 983 F.2d at 948 (citing *Adriana*, 913 F.2d at 1412, and noting a "defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case"). Eberle's and the Corporate Defendants' conduct has interfered with the orderly resolution of this case, has been prejudicial to Plaintiffs' participation in discovery, and has increased the costs in this litigation. Eberle's and the Corporate Defendants' failure to comply with simple and direct orders of

this court has delayed this case, and interfered with the court's management of its docket.  Thus the court finds the third factor weighs in favor of case-dispositive sanctions.

The fifth factor supports entering case-dispositive sanctions where the court has: (a) explicitly discussed the feasibility of less drastic sanctions, explaining why they are not feasible; (b) implemented alternative sanctions before ordering dismissal; and (c) warned the party of the possibility of dispositive sanctions before ordering them.  *Id.* (citing *Malone v. United States Postal Service,* 833 F.2d 128, 132 (9th Cir. 1987), *cert. denied sub nom Malone v. Frank,* 488 U.S. 819 (1988)).  Despite this elaboration on the fifth factor, however, the Ninth Circuit has found it is "not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley*, 158 F.3d at 1057 (citing *Ariana*, 913 F.2d at 1413, and noting "our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just.  The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof").  Eberle and the Corporate Defendants were warned by Chief Judge Jones that their pleadings could be stricken and that default judgment could be entered against them.  Despite this warning neither Eberle nor the Corporate Defendants have complied with the court's Order for more than nine months.  They have failed participate at all in any aspect of this litigation.  Under these circumstances, less drastic sanctions are unlikely to compel compliance and participation.

Case-dispositive sanctions are appropriate where four factors support them, or where at least three factors "strongly support" them. The court will therefore recommend that the answers of Eberle and the Corporate Defendants should be stricken and default judgment entered against them as Chief Judge Jones warned them could occur. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  Eberle's and the Corporate Defendants' willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  Sanctions less drastic than striking their answers and default judgment are unavailable because Eberle and the Corporate Defendants have wilfully refused to comply

with court Orders and the Federal Rules of Civil Procedure.

Finally, by failing to respond to the Motion for Sanctions, the Corporate Defendants have consented to the granting of Plaintiffs' request for case-dispositive sanctions. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion").

For all of these reasons,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions (Dkt. #149) is GRANTED as to Defendants Robert L. Eberle; B&B Equities Group, LLC; Global Equity Resources, LLC; Pro Financial Group, Inc.; Pro Fi Group, Inc.; Estate Planning Solutions Network, LLC.

**IT IS RECOMMENDED** that the Answers of Defendants Robert L. Eberle; B&B Equities Group, LLC; Global Equity Resources, LLC; Pro Financial Group, Inc.; Pro Fi Group, Inc.; Estate Planning Solutions Network, LLC (Dkt. ###44, 51, 52, 53, 59, 60) be STRICKEN.

**IT IS FURTHER RECOMMENDED** that DEFAULT JUDGMENT be ENTERED against Defendants Robert L. Eberle; B&B Equities Group, LLC; Global Equity Resources, LLC; Pro Financial Group, Inc.; Pro Fi Group, Inc.; Estate Planning Solutions Network, LLC for their willful failures to comply with court orders and participate in discovery.

Dated this 22nd day of August, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the

findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.